

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

August 23, 2021

VIA EMAIL AND USAFX

Nicole DeBorde Hochglaube
3515 Fannin Street
Houston, Texas 77004
nicole@houstoncriminaldefense.com

      Re:    *United States v. Tam Pham,*
                Case No. 21-cr-109

Dear Ms. DeBorde Hochglaube:

      Today I have made available to you additional discovery via the USAfx portal in a folder named "U.S. v. Tam Pham, 21-cr-109."  Within that folder is a subfolder named "2021-08-23 Production" that contains the production.  This production is comprised of the following material obtained from Mr. Pham's cell phone pursuant to his consent.

- 45 ".mov" videos entitled Pham Video 1.mov through Pham Video 45.mov
- 5 ".bmp" photos
- 2 ".jpg" photos
- Pham Photo Report.pdf
- Report Photos.docx
- A folder called "Images" containing 186 photos in various file formats
- A folder called "Thumbnails" containing 186 files in various formats

      Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution.  These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips.   The government is working to develop a system

that will facilitate access to these materials.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

Some defense counsel in the Capitol Breach cases have requested information that they claim suggests a member (or members) of law enforcement allowed people to enter or remain in the Capitol or on restricted grounds, acted friendly or sympathetic to the rioters, or otherwise failed to do their jobs.  As an initial matter, we do not believe that such information is exculpatory as to guilt or punishment within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1973).  Nevertheless, the government possesses some information that arguably could be responsive to these requests.  Out of an abundance of caution, the government will be making such information available to you, if it has not done so already.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries.  I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial.  *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975).  I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules.  Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available.  If you have any questions, please feel free to contact me.

                Sincerely,

                */s/ Alison B. Prout*
                Alison B. Prout
                Assistant United States Attorney

Cc:   David Adler, Esq.
        Molly Bagshaw, Esq.